IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAUL ANTHONY SMITH,           )<br>                                                        )<br>            Plaintiff,                  )<br>                                                        )<br>vs.                                               )         CIVIL NO. 09-cv-349-MJR<br>                                                        )<br>DANNY PENDER, et al.,          )<br>                                                        )<br>            Defendants.              )  | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Paul Smith, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under

§ 1915A; this action is subject to summary dismissal.

Smith alleges that on November 14, 2008, he and other inmates were lined up to go to the yard. Defendant Pender had them step aside while another group of inmates went ahead of them. Pender then directed Smith and his galley-mates to return to their cells. When queried for a reason, Pender told them that they were not in compliance with the dress code because they were wearing their gloves and hats inside the building, and their coats were already zipped up. In his cell, Smith reviewed his rule book and found no provision that would entitle Pender to deny they access to the yard for those stated reasons. Smith filed a grievance over this matter, but he never received a response.

On December 16, 2008, Pender again refused to allow Smith to go to the yard for another dress-code violation, this time for having his shirt tail untucked. Smith reviewed his rule book and verified that a tucked-in shirt tail is part of the dress code. However, the rule book did not state that yard access could be denied for this infraction, and Smith was not issued a disciplinary ticket. Smith then filed a grievance over this incident, which was denied.

Smith believes that denial of yard access on these two occasions constitutes a deprivation of his constitutional rights. The Seventh Circuit has noted that a "[l]ack of exercise could rise to a constitutional violation where movement is denied and muscles are allowed to atrophy, and the health of the individual is threatened." *Harris v. Fleming,* 839 F.2d 1232, 1236 (7th Cir. 1988); *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985), *cert. denied*, 479 U.S. 817 (1986). However, the Seventh Circuit also notes that

> [a]lthough we have recognized the value of exercise and its medicinal effects, we have also consistently held that short-term denials of exercise may be inevitable in the prison context and are not so detrimental as to constitute a constitutional deprivation. *Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997) (70-day denial

permissible); *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) (28 day denial not deprivation); *Shelby County Jail Inmates v. Westlake*, 798 F.2d 1085, 1089 (7th Cir. 1986) (limited recreational activities sufficient, where average prison stay was 10 days or less); *Caldwell v. Miller*, 790 F.2d 589, 601 (7th Cir. 1986) (no deprivation where exercise was denied for 30 days, but then allowed one hour indoor exercise for next 6 months); *but see Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (viable constitutional claim where prisoner denied recreational opportunities for 7 weeks); *Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (1989) (reversing summary judgment for prison officials where segregated prisoner denied exercise for 101 days).

*Delaney v. DeTella*, 256 F.3d 679, 683-84 (7th Cir. 2001).

In the instant case, as in *Harris*, Smith was not deprived of all exercise, just access to the yard on two isolated occasions. Consequently, his claim regarding denial of outdoor exercise time is dismissed.

As for any claim he may be raising regarding disregard or denial of his grievances, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Smith is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 11th day of December, 2009.**

               **s/ Michael J. Reagan**
               **MICHAEL J. REAGAN**
               **United States District Judge**